FILED
OCT 1 0 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEPHEN J. CASAMENTO and LAURA H. CASAMENTO | § | |
| Plaintiffs, | § | CIVIL NO. 06-698 T |
| v. | § | |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs ("Plaintiffs"or the "Casamentos") are citizens of the United States of America whose address is 3104 Palm Vista Drive, Metairie, LA 70130.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6230, 6404, and 6621(c) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

[1] References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1984)

5. Stephen J. Casamento and Laura H. Casamento filed a timely joint federal income tax return for calendar year 1984 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-5540 and XXX-XX-2957, repsectively.

6. For 1984, Stephen J. Casamento was a limited partner in U.S. Farm Partners-84 ("USFP84"), a California limited partnership.

7. USFP84 timely filed its 1984 Form 1065, partnership tax return.

8. A dispute arose between the IRS and USFP84 as to certain partnership items reported on the partnership's tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

9. The Casamentos and the IRS entered into a settlement agreement with respect to those partnership items.

10. On December 15, 1997, the IRS assessed tax liability of $7,781.00 against the Casamentos for 1984. The IRS also assessed interest and §6621(c) penalty interest of $18,027.00 against the Casamentos for 1984.

11. On September 26, 1995, the Casamentos posted a cash bond of $32,000.00 to their 1984 tax account. The IRS applied that cash bond to the 1997 assessments and refunded the difference to the Casamentos.

12. On December 17, 2003, the Casamentos filed with the IRS a claim for refund of $7,781.00 of tax and $$18.027.00 for interest and §6621(c) penalty interest assessed and paid for 1984.

13. As grounds for recovery, the Casamentos restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1984:

A. This demand for return of a cash bond relates to tax and interest wrongfully and invalidly assessed relative to adjustments to partnership items and affected items related to the U.S. Farm Partners-84 partnership (referred to in this explanation as "the Partnership") through JMC Partners and CRM Associates for 1984 (referred to in this explanation as "the settlement year(s)").

B. The alleged assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into utilizing a Form 870-P(AD) after the statute of limitations had expired. *Alexander v. United States*, 44 F.3D 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2D 499 (4th Cir. 1990). The Form 870-P(AD), did not waive the statute of limitations. An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) A Form 870-P(AD) provides that "no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items

should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items."

C. Because the assessment was invalid, the portion of the Plaintiffs' cash bond withheld and not returned has not been converted to a payment. Plaintiffs demand return of that balance of their cash bond. There is no statute of limitations for requesting return of a cash bond.

D. In the alternative, any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra. Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

E. The claim is timely. A claim for a refund of alleged taxes assessed and collected after the statute of limitations has expired is timely if filed within six (6) years and this claim seeks refund of the entire amount assessed and paid.

14. Over six (6) months have elapsed since the Casamentos filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

15. The Casamentos are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT TWO
(Calendar Year 1985)

16. Stephen J. Casamento and Laura H. Casamento filed a timely joint federal income tax return for calendar year 1985 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-5540 and XXX-XX-2957, repsectively.

17. For 1985, Stephen J. Casamento was a limited partner in U.S. Farm Partners-85 ("USFP85"), a California limited partnership.

18. USFP85 timely filed its 1985 Form 1065, partnership tax return.

19. A dispute arose between the IRS and USFP85 as to certain partnership items reported on the partnership's tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

20. The Casamentos and the IRS entered into a settlement agreement with respect to those partnership items.

21. On December 15, 1997, the IRS assessed tax liability of $10,314.00 against the Casamentos for 1985. The IRS also assessed interest and §6621(c) penalty interest of $19,619.60 against the Casamentos for 1985.

22. On September 26, 1995, the Casamentos posted a cash bond of $31,700.00 to their 1985 tax account. The IRS applied that cash bond to the 1997 assessments and refunded the difference to the Casamentos.

23. On December 17, 2003, the Casamentos filed with the IRS a claim for refund of $10,314.00 of tax and $19,691.60 for interest and §6621(c) penalty interest assessed and paid for 1985.

24. As grounds for recovery, the Casamentos restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1985:

A. This demand for return of a cash bond relates to tax and interest wrongfully and invalidly assessed relative to adjustments to partnership items and affected items related to the U.S.

Farm Partners-84 partnership (referred to in this explanation as "the Partnership") through JMC Partners and CRM Associates for 1984 (referred to in this explanation as "the settlement year(s)").

B. The alleged assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into utilizing a Form 870-P(AD) after the statute of limitations had expired. *Alexander v. United States*, 44 F.3D 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2D 499 (4th Cir. 1990). The Form 870-P(AD), did not waive the statute of limitations. An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) A Form 870-P(AD) provides that "no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items."

C. Because the assessment was invalid, the portion of the Plaintiffs' cash bond withheld and not returned has not been converted to a payment. Plaintiffs demand return of that balance of their cash bond. There is no statute of limitations for requesting return of a cash bond.

D. In the alternative, any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra. Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

E. The claim is timely. A claim for a refund of alleged taxes assessed and collected after the statute of limitations has expired is timely if filed within six (6) years and this claim seeks refund of the entire amount assessed and paid.

25. Over six (6) months have elapsed since the Casamentos filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

26. The Casamentos are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Stephen J. Casamento and Laura H. Casamento pray for judgment against the Defendant the United States of America in the amount of $55,741.60, or such amount allowed by law, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)

Form **1040X** (Rev. November 2002)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year ▶** 1984 **, or fiscal year ended ▶**

Please print or type

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| STEPHEN J. | CASAMENTO | [redacted]5540 |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| LAURA H. | CASAMENTO | [redacted]2957 |
| Home address (no. and street) or P.O. box if mail is not delivered to your home *(POA ATTACHED, FORM 2848)* | Apt. no. | Phone number |
| c/o Thomas E. Redding; 2914 West T. C. Jester | | 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. | | For Paperwork Reduction Act Notice, see page 6. |
| Houston, Texas 77018-7010 ****ADDRESS FOR THIS MATTER ONLY**** | | |

**A** If the name or address shown above is different from that shown on the original return, check here ▶ [X]

**B** Has the original return been changed or audited by the IRS or have you been notified that it will be? [X] Yes [ ] No

**C** Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ [ ] Single [X] Married filing jointly [ ] Married filing separately [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing jointly [ ] Married filing separately [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| Use Part II on the back to explain any changes | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 6)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | | | |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | | | |
| 3 Subtract line 2 from line 1 | 3 | | | |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | | | |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | | | |
| **Tax Liability** 6 Tax (see page 4). Method used in col. C | 6 | | | |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | | | |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | | | |
| **Payments** 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. If changing, see page 4 | 11 | | | |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439, Form 4136, or Form 8885 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | *Not Applicable* |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | | | *Not Applicable* |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | *Not Applicable* |
| 23 Amount of line 22 you want **refunded to you** *Cash Bond of $32,000 on tax* | 23 | | | *-----> 7,781*** |
| 24 Amount of line 22 you want **applied to your** **estimated tax** | 24 | | | |

**Sign Here**

Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ *Stephen Casamento* | *Nov 28 2003*
Your signature | Date

▶ *Laura H. Casamento* *11-28-2003*
Spouse's signature. If a joint return, both must sign. Date

**Paid Preparer's Use Only**

| Preparer's signature ▶ | Date | Check if self-employed | Preparer's SSN or PTIN |
|---|---|---|---|
| *Brett Thompson CPA* | *11/22/03* | [X] | P00097501 |
| Firm's name (or yours if self-employed), address, and ZIP code ▶ Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas 77450 | | EIN | Phone no. 713-965-9244 |

ISA STF FED3171F.1 ***or such greater amount as is legally refundable, plus interest.*

Form **1040X** (Rev. 11-2002)

**Part I** **Exemptions.** See Form 1040 or 1040A instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 - 31.
If claiming **fewer exemptions,** complete lines 25 - 30.

| | | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|---|
| 25 | Yourself and spouse . . . . . . . . . . . . . . . . . . . . | 25 | | | |
| | **Caution.** If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | | | | |
| 26 | Your dependent children who lived with you . . . . . . . . . . | 26 | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation . . . . . . . . . . . . . . . . | 27 | | | |
| 28 | Other dependents . . . . . . . . . . . . . . . . . . . . | 28 | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 . . . . . . | 29 | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2002 | $3,000 | $103,000 |
| 2001 | 2,900 | 99,725 |
| 2000 | 2,800 | 96,700 |
| 1999 | 2,750 | 94,975 |

31 Dependents (children and other) not claimed on original (or adjusted) return:

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

No. of your children on line 31 who:
• lived with you . . . . . . . ▶ ☐
• did not live with you due to divorce or separation (see page 5) . . . . ▶ ☐
Dependents on line 31 not entered above ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here . . . . . . . . . . . . . . . . . . . . ▶ ☐

***** *Please See Explanation Attached******

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . . . . . . . . . . . ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . . ▶ ☐

Form **843** (Rev. January 1997) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ **See separate instructions.**

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see **General Instructions**).*

Please type or print

Name of claimant: STEPHEN J. CASAMENTO AND LAURA H. CASAMENTO

Your social security number: [redacted]5540

***POA ATTACHED, FORM 2848***

Address (number, street, and room or suite no.): c/o Thomas E. Redding; 2914 West T. C. Jester

Spouse's social security number: [redacted]-2957

City or town, state, and ZIP code: Houston, Texas 77018-7010

******ADDRESS FOR THIS MATTER ONLY******

Employer identification number:

Name and address shown on return if different from above: 3104 Palm Vista Drive, Metairie, LA 70003-2513

Daytime telephone number: 713-965-9244

1 Period — prepare a separate Form 843 for each tax period From January 1, 19 84, to December 31, 19 84

2 Amount to be refunded or abated $ 18,027**

3a Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☒ Penalty — IRC section ▶ §6621(c)

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

4a Request for abatement or refund of:
☒ Interest caused by IRS errors or delays (if applicable — see instructions).
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ 12/15/97

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

******Please See Explanation Attached******

*****or such greater amount as is legally refundable, plus interest.***

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Stephen J Casamento — Signature (Title, if applicable. Claims by corporations must be signed by an officer.) — Date: Nov 28, 2003

Laura H. Casamento — Signature — Date: 11-28-2003

**For Paperwork Reduction Act Notice, see separate instructions.** Form **843** (Rev. 1-97)

ISA
STF FED1524F

Form **2848**
(Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ____
Telephone ____
Function ____
Date ____

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

Taxpayer name(s) and address
Stephen J. Casamento
Laura H. Casamento
3104 Palm Vista Dr
Metairie, La 70003

Social security number(s): [redacted]5540 / [redacted]2957

Employer identification number:

Daytime telephone number: 504 588 2915

Plan number (if applicable):

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

Name and address
Thomas E. Redding
2914 West T.C. Jester
Houston, Texas 77018-7010

CAF No. ~~7806-28309R~~ 7800-69703R
Telephone No. (713) 965-9244
Fax No. (713) 621-5227
Check if new: Address ☐ Telephone No. ☐

Name and address
Sallie W. Gladney
2914 West T.C. Jester
Houston, Texas 77018-7010

CAF No. 7805-78887R
Telephone No. (713) 965-9244
Fax No. (713) 621-5227
Check if new: Address ☐ Telephone No. ☐

Name and address
Teresa J. Womack
2914 West T.C. Jester
Houston, Texas 77018-7010

CAF No. 7805-87212R
Telephone No. (713) 965-9244
Fax No. (713) 621-5227
Check if new: Address ☐ Telephone No. ☐

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 (Also 1065 for any partnership in which the taxpayer was a partner, but for CAF purposes input only as to 1040!) | Tax Periods Ending 12/31: 1981,1982,1983,1984,1985, 1986,1987,1988,1989,1990, 1991,1992,1993,1994,1995, 1996,1997,1998,1999,2000 |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . . . . . . . . . . . ▶ ☑

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes but is not limited to authorization to exercise the taxpayer's rights under I.R.C.§6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here __SJC__ and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.**



ISA
STF FED4675F.1

Form 2848 (Rev. 12-97) Page 2

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Stephen Casamento (signature) — Signature | Nov 14 2007 — Date | Title (if applicable)

Stephen O. Casamento — Print Name

Laura H. Casamento (signature) — Signature | Nov 14 2007 — Date | Title (if applicable)

Laura H. Casamento — Print Name

**Part II Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 11-21-03 |
| A | Texas | (signature) Sallie W. Gladney | 11-21-03 |
| A | Texas | (signature) Teresa J. Womack | 11-21-03 |

STF FED4675F.2

**STEPHEN J. CASAMENTO and LAURA H. CASAMENTO**
**(SSN[redacted]5540 and SSN [redacted]957)**
**EXPLANATION - 1984 REFUND CLAIM**

This demand for return of a cash bond relates to tax and interest wrongfully and invalidly assessed relative to adjustments to partnership items and affected items related to the U.S. Farm Partners-84 partnership (referred to in this explanation as "the Partnership") through JMC Partners and CRM Associates for 1984 (referred to in this explanation as "the settlement year(s)"), and is filed based upon the following grounds:

1. The alleged assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to Internal Revenue Code §6401. The assessment related to the Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into utilizing a Form 870-P(AD) after the statute of limitations had expired. *Alexander v. United States*, 44 F.3D 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2D 499 (4th Cir. 1990). The Form 870-P(AD), did not waive the statute of limitations. An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) A Form 870-P(AD) provides that "no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items."

2. Because the assessment was invalid, the portion of the taxpayers cash bond withheld and not returned has not been converted to a payment. The taxpayers demand return of that balance of their cash bond. There is no statute of limitations for requesting return of a cash bond. The cash bond was for $32,000.

3. In the alternative, any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to I.R.C. §6401. *Alexander, supra. Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

4. The claim is timely. A claim for a refund of alleged taxes assessed and collected after the statute of limitations has expired is timely if filed within six (6) years and this claim seeks refund of the entire amount assessed and paid.

Exhibits: A - Evidence of Settlement
B - Evidence of tax assessment and payment

**REDDING & ASSOCIATES, P.C.**
ATTORNEYS AT LAW
2914 West T.C. Jester
Houston, Texas 77018-7010
Telephone: (713) 965-9244 • Telecopier: (713) 621-5227

Thomas E. Redding, J.D.
Sallie W. Gladney, J.D.

Teresa J. Womack, J.D.
Brett A. Thompson, J.D., C.P.A.

December 17, 2003

**PRIORITY CERTIFIED MAIL**
**# 7001 2510 0002 0786 6625**
**RETURN RECEIPT REQUESTED**

Internal Revenue Service Center
Austin, Texas 73301

Re: Stephen S. Casamento (SSN [redacted]5540) and Laura H. Casamento and (SSN [redacted]-2957)
Form 1040X, Amended U.S. Individual Income Tax Return, for 1984 and 1985
Form 843, Claim for Refund and Request for Abatement, for 1984 and 1985
Form 8822, Change of Address, for tax years 1984 and 1985

Dear Sirs:

Enclosed are the above refund claims to be filed for the above clients. Please mail the refunds in my care accordance with the instructions on Part 6 of the attached power of attorney.

Please note that these claims are timely under a special six year statute of limitations. See explanation with claims.

Very truly yours,

REDDING & ASSOCIATES, P.C.

Thomas E. Redding

TER:cbb
Enclosures - Form 1040X (2) with Forms 843 attached
Form 8822
Power of Attorney

FILE

R:\DOCS\Corresp.q\QCRLN233.CA2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Internal Revenue Service
Austin, TX 73301
Casamento

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name ) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

RECEIVED
DEC 19 2003
105 IRS-AUSC
AUSTIN, TEXAS

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7001 2510 0002 0786 6625

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1540

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

OFFICIAL USE

| | |
|---|---|
| Postage | $ 385 |
| Certified Fee | 230 |
| Return Receipt Fee (Endorsement Required) | 105 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 7.90 |

Postmark Here: HOUSTON TX AIRPORT MAIL CENTER DEC 17 2003 USPS

Sent To: Internal Revenue Service
Street, Apt. No., or PO Box No.: Austin, TX 73301
City, State, ZIP+4
Casamento

PS Form 3800, January 2001 See Reverse for Instructions

7001 2510 0002 0786 6625

Form **1040X** (Rev. November 2002)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ **See separate instructions.**

OMB No. 1545-0091

**This return is for calendar year ▶** 1985 **, or fiscal year ended ▶**

Please print or type

| | | |
|---|---|---|
| Your first name and initial: STEPHEN J. | Last name: CASAMENTO | Your social security number: [redacted]5540 |
| If a joint return, spouse's first name and initial: LAURA H. | Last name: CASAMENTO | Spouse's social security number: [redacted]2957 |
| Home address (no. and street) or P.O. box if mail is not delivered to your home *(POA ATTACHED, FORM 2848)* c/o Thomas E. Redding; 2914 West T. C. Jester | Apt. no. | Phone number: 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. Houston, Texas 77018-7010 ****ADDRESS FOR THIS MATTER ONLY**** | | For Paperwork Reduction Act Notice, see page 6. |

**A** If the name or address shown above is different from that shown on the original return, check here ▶ [X]

**B** Has the original return been changed or audited by the IRS or have you been notified that it will be? [X] **Yes** [ ] **No**

**C** Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ [ ] Single [X] Married filing jointly [ ] Married filing separately [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing jointly [ ] Married filing separately [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| Use Part II on the back to explain any changes | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 6)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | | | |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | | | |
| 3 Subtract line 2 from line 1 | 3 | | | |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | | | |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | | | |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C ______ | 6 | | | |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | | | |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | | | |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. If changing, see page 4 | 11 | | | |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439, Form 4136, or Form 8885 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | *Not Applicable* |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | | | *Not Applicable* |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | *Not Applicable* |
| 23 Amount of line 22 you want **refunded to you** *Cash Bond of $31,700 on tax* | 23 | | | ------> 10,314** |
| 24 Amount of line 22 you want **applied to your** **estimated tax** 24 | | | | |

**Sign Here**

Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ *Stephen J. Casamento* | Nov 28, 2003

Your signature — Date

▶ *Laura H. Casamento* 11-28-2003

Spouse's signature. If a joint return, both must sign. — Date

**Paid Preparer's Use Only**

| | | |
|---|---|---|
| Preparer's signature ▶ *[signature] CPA* | Date 11/22/03 | Check if self-employed [X] — Preparer's SSN or PTIN: P00097501 |
| Firm's name (or yours if self-employed), address, and ZIP code ▶ Brett A. Thompson, CPA; 20214 Kingsland Blvd., Katy, Texas 77450 | | EIN; Phone no. 713-965-9244 |

ISA STF FED3171F.1 ***or such greater amount as is legally refundable, plus interest.*

Form 1040X (Rev. 11-2002) Page 2

**Part I** **Exemptions.** See Form 1040 or 1040A instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 - 31.
If claiming **fewer exemptions,** complete lines 25 - 30.

| | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|
| 25 Yourself and spouse | 25 | | | |
| **Caution.** If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | | | | |
| 26 Your dependent children who lived with you | 26 | | | |
| 27 Your dependent children who did not live with you due to divorce or separation | 27 | | | |
| 28 Other dependents | 28 | | | |
| 29 Total number of exemptions. Add lines 25 through 28 | 29 | | | |
| 30 Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2002 | $3,000 | $103,000 |
| 2001 | 2,900 | 99,725 |
| 2000 | 2,800 | 96,700 |
| 1999 | 2,750 | 94,975 |

31 Dependents (children and other) not claimed on original (or adjusted) return:

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

No. of your children on line 31 who:
- lived with you ▶ ☐
- did not live with you due to divorce or separation (see page 5) ▶ ☐

Dependents on line 31 not entered above ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here ▶ ☐

***** *Please See Explanation Attached* *****

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here ▶ ☐

If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here ▶ ☐

STF FED3171F.2 Form **1040X** (Rev. 11-2002)

Form **843** (Rev. January 1997) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ **See separate instructions.**

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see **General Instructions**).*

Please type or print

Name of claimant: STEPHEN J. CASAMENTO AND LAURA H. CASAMENTO

Your social security number: [redacted]5540

*POA ATTACHED, FORM 2848*

Address (number, street, and room or suite no.): c/o Thomas E. Redding; 2914 West T. C. Jester

Spouse's social security number: [redacted]2957

City or town, state, and ZIP code: Houston, Texas 77018-7010

****ADDRESS FOR THIS MATTER ONLY****

Employer identification number:

Name and address shown on return if different from above: 3104 Palm Vista Drive, Metairie, LA 70003-2513

Daytime telephone number: 713-965-9244

1 Period — prepare a separate Form 843 for each tax period
From January 1, 19 85, to December 31, 19 85

2 Amount to be refunded or abated: $ 19,619.60**

3a Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☒ Penalty — IRC section ▶ §6621(c)

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

4a Request for abatement or refund of:
☒ Interest caused by IRS errors or delays (if applicable — see instructions).
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ 12/15/97

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

******Please See Explanation Attached******

****or such greater amount as is legally refundable, plus interest.***

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Stephen Casamento — Nov 28, 2003
Signature (Title, if applicable. Claims by corporations must be signed by an officer.) — Date

Laura H. Casamento — 11-28-2003
Signature — Date

**For Paperwork Reduction Act Notice, see separate instructions.** Form **843** (Rev. 1-97)

ISA
STF FED1524F

Form **2848**
(Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name
Telephone
Function
Date

## Part I Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Stephen J. Casamento<br>Laura H. Casamento<br>3104 Palm Vista Dr<br>Metairie, La 70003 | [redacted] 5540<br>[redacted] 2957 | |
| | Daytime telephone number<br>504 588 2915 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. ~~7806-28309R~~ 7800-69703R<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-78887R<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-87212R<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040<br>(Also 1065 for any partnership in which the taxpayer was a partner, but for CAF purposes input only as to 1040!) | Tax Periods Ending 12/31: 1981,1982,1983,1984,1985, 1986,1987,1988,1989,1990, 1991,1992,1993,1994,1995, 1996,1997,1998,1999,2000 |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . ▶ ☑

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes but is not limited to authorization to exercise the taxpayer's rights under I.R.C.§6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

Note: *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

Note: *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here ___ and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.**



ISA
STF FED4675F.1

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Stephen Casamento ✓ | Nov 14 2003 |
Signature | Date | Title (if applicable)

Stephen O. Casamento
Print Name

Laura H. Casamento ✓ | Nov 14 2003 |
Signature | Date | Title (if applicable)

Laura H. Casamento
Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:
  - a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
  - b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  - c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  - d Officer — a bona fide officer of the taxpayer's organization.
  - e Full-Time Employee — a full-time employee of the taxpayer.
  - f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  - g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
  - h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | [signature] Thomas E. Redding | 11-21-03 |
| A | Texas | [signature] Sallie W. Gladney | 11-21-03 |
| A | Texas | [signature] Teresa J. Womack | 11-21-03 |

**STEPHEN J. CASAMENTO and LAURA H. CASAMENTO**
**(SSN [redacted]-5540 and SSN [redacted]2957)**
**EXPLANATION - 1985 REFUND CLAIM**

This demand for return of a cash bond relates to tax and interest wrongfully and invalidly assessed relative to adjustments to partnership items and affected items related to the U.S. Farm Partners-85 partnership (referred to in this explanation as "the Partnership") through JMC Partners and CRM Associates for 1985 (referred to in this explanation as "the settlement year(s)"), and is filed based upon the following grounds:

1. The alleged assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to Internal Revenue Code §6401. The assessment related to the Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into utilizing a Form 870-P(AD) after the statute of limitations had expired. *Alexander v. United States*, 44 F.3D 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2D 499 (4th Cir. 1990). The Form 870-P(AD), did not waive the statute of limitations. An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) A Form 870-P(AD) provides that "no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items."

2. Because the assessment was invalid, the portion of the taxpayers cash bond withheld and not returned has not been converted to a payment. The taxpayers demand return of that balance of their cash bond. There is no statute of limitations for requesting return of a cash bond. The cash bond was for $31,700.

3. In the alternative, any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to I.R.C. §6401. *Alexander, supra. Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

4. The claim is timely. A claim for a refund of alleged taxes assessed and collected after the statute of limitations has expired is timely if filed within six (6) years and this claim seeks refund of the entire amount assessed and paid.

Exhibits - A - Evidence of Settlement
B - Evidence of tax assessment and payment